**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL ACTION NO. 22-17-DLB-CJS-1**

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

**v.**                                    **MEMORANDUM ORDER**

**TERRILL GOODS**                                                                                     **DEFENDANT**

*****************

This matter is before the Court upon two Motions filed by *pro se* Defendant Terrill Goods: (1) Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. # 278); and (2) Motion for Counsel (Doc. # 281).  For the following reasons, Defendant's Motions are **denied**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Defendant was originally indicted in February 2022 on seven counts related to distributing controlled substances, two counts related to possessing a firearm, and a forfeiture allegation for the firearms and ammunition seized during his arrest.  (Doc. # 11). In March 2022, a superseding indictment was returned that included Defendant's prior felony drug convictions for purposes of an enhanced statutory punishment.  (Docs. # 20 and 28).  In April 2022, a second superseding indictment was returned with substantially similar counts and allegations.  (Doc. # 41).  After initially retaining an attorney, discharging him, and receiving two appointed attorneys under the Criminal Justice Act ("CJA") which Defendant also discharged, the Court held a Faretta hearing and permitted Defendant to proceed *pro se*.  (Doc. # 70).  Defendant was convicted after a five-day jury

1

trial. (Doc. # 158). Following his trial, Defendant requested an attorney for his sentencing (Doc. # 170), and Attorney Eric Eckes was appointed to represent him. (Doc. # 172). Mr. Eckes was the sixth appointed counsel to represent Defendant in this Court. Shortly before sentencing, Defendant submitted a letter to the Court seeking to discharge Attorney Eckes. (Doc. # 205). At the sentencing hearing on May 24, 2023, the Court denied Defendant's Motion, at which point Defendant asked to be removed from the courtroom. (Doc. # 223 at 13-14). The Court granted Defendant's request and proceeded to sentence him in absentia. (*Id*.). Defendant was then sentenced to a total of 420 months of imprisonment. (Doc. # 208). Since his sentencing, Defendant has filed numerous motions seeking a variety of relief. (*See* Docs. # 212, 216, 220, 234, 242, 245, 247, and 262). Currently before this Court is Defendant's Third Motion for Reduction in Sentence (Doc. # 278), as well as a Motion for Counsel to file a Motion pursuant to 28 U.S.C. § 2255 (Doc. # 281). The Court will address each of Defendant's filings in turn.

## II. ANALYSIS

### A. Motion for Reduction

Defendant alleges that he is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), which would reduce his sentence from 420 months to 235 months. (Doc. # 278 at 1). Specifically, Defendant states that "with the application of the 2025 retroactive guideline amendment, Defendant's total offense level would be a 34; criminal history category V and guideline range would be 235-293." (*Id*. at 1). Defendant is relying upon Amendment 2, Part A, Subpart 2 for this assertion. (*Id*. at 3). This is a 2025 Amendment submitted to Congress on April 30, 2025, that would add adjustments under § 3B1.2 if a defendant's primary function was a low-level trafficking function. (U.S. Sentencing

2

Comm'n Mem. (May 15, 2025)). However, as the United States has correctly pointed out, such amendment "is not yet in effect." (Doc. # 280 at 2). The amendment Defendant relies on will not go into effect until November 1, 2025, as specified by the United States Sentencing Commission. (U.S. Sentencing Comm'n Mem. (May 15, 2025)). Therefore, the relief sentencing Defendant seeks is simply unavailable at this time. Moreover, there is no guarantee that the amendment will be applied retroactively.

Additionally, Defendant references certain prosecutorial misconduct that he believes occurred in his case, which the Court understands Defendant to see as another basis for a sentence reduction. (Docs. # 278 at 3 and 283 at 1). However, Defendant does not state with particularity the grounds for this belief, or any legal argument necessary to support it. Moreover, Defendant has repeatedly raised this argument, which has, in turn, repeatedly been denied by this Court. (*See* Docs. # 169, 172, 212 and 224). Accordingly, Defendant's Motion for Reduction of Sentence (Doc. # 278) is **denied**.

### B. Motion to Appoint Counsel

Defendant next requests this Court appoint him counsel to aid him in filing a "2255 and other civil litigation[.]" (Doc. # 281). Specifically, Defendant requests "Eric Eckes [his] contraversial [sic] final sent[encing] lawyer[.]" Upon review, appointment of counsel is not warranted. Defendant has "no right to counsel in post-conviction proceedings[.]" *Hugueley v. Mays*, 964 F.3d 489, 500 (6th Cir. 2020). Accordingly, Defendant's Motion for Counsel (Doc. # 281) is **denied**.

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** as follows:

(1) Defendant's Motion for Reduction in Sentence under 18 U.S.C. § 3582(c)(2) (Doc. # 278) is **DENIED**; and

(2) Defendant's Motion for Counsel (Doc. # 281) is **DENIED**.

This 30th day of June, 2025.

Signed By:
*David L. Bunning*   DB
Chief United States District Judge